**Yunxia SUN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76265.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 20, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*    Fed. R.App. P. 34(a)(2).

Yunxia Sun, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Diane Kelleher, Jocelyn M. Wright, U.S. Department of Justice Civil Division, Washington, D.C., for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

MEMORANDUM **

Yunxia Sun, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision that affirmed the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002), and we grant the petition and remand.

■ The IJ found Sun not credible because her testimony was inconsistent regarding who introduced her to the religion of Christianity and regarding the amount of time it took her to travel to Beijing. Because minor inconsistencies are insufficient to support an adverse credibility finding, these findings are not supported by substantial evidence. *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir.2003).

■ In addition, the IJ found Sun not credible because her testimony was unresponsive regarding how she knew the Bibles were confiscated during her arrest and inconsistent regarding where the Bibles were during her home church gathering. Because the petitioner answered the questions asked of her, *see Garrovillas v. INS*, 156 F.3d 1010, 1014–15 (9th Cir. 1998), and she was never given the opportunity to explain the perceived inconsistency, *see Chen v. Ashcroft*, 362 F.3d 611, 618 (9th Cir.2004), substantial evidence does not support these findings.

The IJ also found Sun not credible because she never testified as to whether the

Chinese police asked her questions about the Bibles they confiscated or her belief in Jesus Christ. Because this finding rests on speculation about the types of questions the Chinese police would ask, substantial evidence does not support this finding. *See Singh v. Gonzales,* 439 F.3d 1100, 1108 (9th Cir.2006).

Finally, the IJ found Sun's physical demeanor "rehearsed" when asked whether she fears returning to China. This finding is not supported by substantial evidence because the IJ based this finding on a nonexistent inconsistency, *see Bandari v. INS,* 227 F.3d 1160, 1167 (9th Cir.2000), and therefore the IJ did not "cogently" refer to any aspect of Sun's demeanor, *see Arulampalam v. Ashcroft,* 353 F.3d 679, 686 (9th Cir.2003).

The BIA declined to reach the IJ's alternate findings which dealt with the merits of Sun's asylum and withholding of removal claims. Accordingly, we grant the petition and remand to the agency for further proceedings consistent with this disposition. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED and REMANDED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.